United States District Court
Southern District of Texas
**ENTERED**
August 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADREAN ARRINGTON, SPN #01928063, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-20-2374 |
| SHERIFF ED GONZALEZ, et al., | § § § | |
| Defendants. | § § § | |

## MEMORANDUM AND ORDER

The defendants, Harris County Sheriff Ed Gonzalez, Chief Deputy Darryl Coleman, and Medical Director Dr. Laxman Sunder, removed this prisoner civil rights action that was filed originally in state court by the plaintiff, Adrean Arrington (SPN #01928063), concerning conditions of confinement at the Harris County Jail. On July 8, 2020, the Court issued an order directing the plaintiff to provide a more definite statement of his claims within thirty days [Doc. # 6]. The Court admonished the plaintiff that his failure to respond within the time allowed would result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure without further notice [*Id.* at 7]. To date, the plaintiff has not attempted to comply with the Court's order as directed and his time to do so has expired.

In addition, the defendants have filed a motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted [Doc. # 7]. The defendants assert qualified immunity and note that the conclusory allegations lodged by the plaintiff fail to demonstrate personal involvement in the complained of conditions of confinement or deliberate indifference on their part to his health and safety. The plaintiff has failed to respond to the defendants' motion and he has not otherwise provided facts in support of his claim that they are liable under 42 U.S.C. § 1983.

In order to successfully plead a cause of action under 42 U.S.C. § 1983, a plaintiff must articulate "facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). At a minimum, a civil rights plaintiff must "specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). Even under the lenient standard of review that applies to *pro se* pleadings, the allegations asserted by the plaintiff in this instance are insufficient to establish that the defendants had the requisite personal involvement. Likewise, he does not allege facts showing that the defendants were both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn; and (2) that they actually drew an inference that such potential for harm existed. *See Farmer v. Brennan*, 511 U.S. 825, 827 (1994). Under these circumstances, the plaintiff has not articulated

sufficient facts to state a claim upon which relief may be granted under 42 U.S.C. § 1983 or to overcome the defendants' assertion of qualified immunity.

Accordingly, the Court **ORDERS** as follows:

1. The defendants' motion to dismiss [Doc. # 7] is **GRANTED**.

2. The complaint filed by Adrean Arrington is **DISMISSED** for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915A(b). The dismissal is without prejudice.

3. Arrington is advised that he may seek relief from this decision by making a proper showing of good cause under Rule 60(b) of the Federal Rules of Civil Procedure, which must be accompanied by a response to the Court's order for a more definite statement [Doc. # 6] or an amended complaint that cures the defects identified by the defendants.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on __August 31_____, 2020.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE